IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02596-MSK-KLM

PRIDE SERVICES, INC., a Colorado Corporation,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
CALVIN BLACK, in his official capacity,
CALVIN (I) BLACK, in his individual capacity, and
ONE OR MORE JOHN DOES,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant City and County of Denver's (the "City Defendant") **Motion to Stay** [Docket No. 26; Filed January 25, 2012] (the "Motion"). The City Defendant asks the Court to stay the entire case until after District Judge Marcia S. Krieger has ruled on the pending Motions to Dismiss [#13, #15]. On February 14, 2012, Plaintiff filed a Response [#31] in opposition to the Motion. On March 2, 2012, the City Defendant filed a Reply [#32]. For the reasons set forth below, the Court **GRANTS in part and DENIES in part** the Motion.

**I. Background**

    Plaintiff initiated this lawsuit on October 4, 2011, pursuant to 42 U.S.C. §§ 1981, 1983, and 1988. *Compl.* [#1] at 1. The facts of this matter arise from a pattern of allegedly racially-motivated harassment by Defendant Calvin Black ("Black") against Plaintiff's

employees during the time period when Plaintiff held a contract with the City Defendant. *See id.* at 5-8.  Plaintiff presents two claims for relief: 1) violation of Plaintiff's rights pursuant to the Equal Protection Clause of the Fourteenth Amendment, against all defendants, for monetary relief; and 2) violation of 42 U.S.C. § 1981 against all defendants, for monetary relief.  *See id.* at 8-12.  Plaintiff also requests declaratory and injunctive relief based on its assertion that "the practices complained of herein are unlawful and violate the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §§ 1981, 1983, and 1988."  *Id.* at 12-13.

The City Defendant responded to Plaintiff's Complaint with a Motion to Dismiss [#13] on December 5, 2011.  The Motion to Dismiss asserts two defenses, both pursuant to Fed. R. Civ. P. 12(b)(6).  *See Motion to Dismiss* [#13] at 2-13.  First, the City Defendant contends that Plaintiff's claims relating to alleged actions occurring in 2007 and 2008 are barred by the statute of limitations.  *See id.* at 2-8.  Second, the City Defendant asserts that Plaintiff's remaining allegations in connection with events occurring in 2010 and 2011 fail to state a claim for relief.  *See id.* at 8-11.  The City Defendant requests that Plaintiff's case be dismissed in its entirety.

Defendant Black also responded to Plaintiff's Complaint with a Motion to Dismiss [#15] on December 12, 2011.  His Motion to Dismiss asserts two defenses.  *See Motion to Dismiss* [#15] at 2-5.  First, Defendant Black contends that Plaintiff's claims are barred by the statute of limitations.  *See id.* at 2-4.  Second, Defendant Black asserts that he is entitled to qualified immunity on Plaintiff's claims.  *See id.* at 4-5.  He therefore requests that Plaintiff's case be dismissed in its entirety.

The City Defendant sought to stay the lawsuit by motion filed on January 25, 2012.

The City Defendant avers that because the defense of qualified immunity is raised in Defendant Black's Motion to Dismiss, the Court should stay all discovery. *See Motion* [#26] at 3-4.  In addition to the law regarding qualified immunity and discovery, the City Defendant cites to *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006) in support of its position. *Id.* at 3.  The City Defendant notes that "a partial stay of the case only as to Mr. Black is not desired as the claims against Defendants are identical and the discovery that may need to be conducted by Defendants would be duplicative." *Id.* at 5.  Finally, the City Defendant states that the statute-of-limitations defense is dispositive and supports imposition of a stay. *Motion* [#26] at 5.  Plaintiff opposes the request for a stay. *Id.* at 1.

## II.  Analysis

As a preliminary matter, the Court notes that it is not bound by the City Defendant's "all or nothing" request for a stay, and must rule in accordance with applicable precedent by the District Judge assigned to the case regarding the propriety of a stay in these circumstances.  Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)).  *See also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending);

*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir.2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir.1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C.2001) (same).

Here, Defendant Black raises qualified immunity as a defense against all of Plaintiff's claims. Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery....'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford–El v. Britton*, 523

-4-

U.S. 574, 597–98 (1998).

The Court notes, however, that such a defense "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). Plaintiff brings suit against Defendant Black in both his official and individual capacities.

Plaintiff argues that it has a strong interest in promptly identifying the "One or More John Does" it listed as Defendants in this matter. According to the Complaint, they are "individual(s) involved in making some of the materially adverse decisions complained of herein." *Compl.* [#1] at 3. In its Reply, the City Defendant asserts that both Defendants have responded to Plaintiff's first set of written discovery, which includes information that Plaintiff may need to amend its Complaint. *See Reply* [#32] at 2.

Accordingly, in consideration of the preceding discussion,

IT IS HEREBY **ORDERED** that discovery related to Plaintiff's claims seeking declaratory and injunctive relief from the City Defendant may proceed pursuant to the Federal Rules of Civil Procedure.

IT IS FURTHER **ORDERED** that all discovery related to Plaintiff's claims against Defendant Black in his individual capacity for monetary damages is **STAYED** pending resolution of his Motion to Dismiss [#15].

With respect to Plaintiff's claims for declaratory and injunctive relief from Defendant Black in his official capacity, the Court finds that it is most appropriate at this early stage

of litigation to require Plaintiff to obtain information related to these claims by seeking discovery only from the municipal defendant. Accordingly,

IT IS FURTHER **ORDERED** that all discovery related to Plaintiff's claims against Defendant Black in his official capacity is **STAYED** pending resolution of his Motion to Dismiss [#15].

IT IS FURTHER **ORDERED** that Plaintiff may seek further written discovery from the City Defendant pertaining to the identification of the John Does named in Plaintiff's Complaint if Plaintiff deems such further discovery necessary.

**In summary, all discovery is stayed pending resolution of the Motions to Dismiss [#13, #15] with the exception of discovery related to Plaintiff's claims seeking declaratory and injunctive relief against the City Defendant and discovery related to Plaintiff's claims against the "One or More John Does" referenced in the Complaint.  Discovery regarding the John Does may be obtained from the City Defendant only.**

Dated: March 5, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge